ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **JONATHAN SIERRA DE JESÚS**<br>RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br>RECURRIDA(S) | **KLRA202400116** | ***REVISIÓN DE DECISIÓN ADMINISTRATIVA***<br>procedente del Departamento de Corrección y Rehabilitación (DCR)<br><br>Caso Núm.:<br>**ICG-1828-2023**<br><br>Sobre:<br>Remedio Adminis-trativo |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 18 de julio de 2024.

Comparece ante nos el señor **JONATHAN SIERRA DE JESÚS** (señor **SIERRA DE JESÚS**), por derecho propio e *in forma pauperis*, mediante *Solicitud de Revisión Judicial de Remedio Administrativo* interpuesta el 12 de febrero de 2024. En su recurso, nos solicita que revisemos la *Respuesta al Miembro de la Población Correccional* (*Respuesta*) decretada el 12 de enero de 2024 por la División de Remedios Administrativos del **Departamento de Corrección y Rehabilitación (DCR)** acompañada de *Respuesta del Área Concernida/Superintendente*.[1] En la antedicha *Respuesta*, el **DCR** dispuso:

> "[s]e aneja con la Respuesta de Remedio Administrativo una copia fiel y exacta de la Respuesta emitida por el área concernida a su solicitud de remedio administrativo".

---

[1] Esta determinación administrativa fue notificada el 17 de enero de 2024. Véase Apéndice del *Escrito en Cumplimiento de Resolución,* págs. 7- 8.

Número Identificador:
SEN2024_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 1 de diciembre de 2023, el señor **SIERRA DE JESÚS** suscribió una *Solicitud de Remedio Administrativo (Solicitud)* en la cual requirió que a la Oficina de Comunidad del pueblo de Carolina se le encomendara "visitar el hogar viable dispuesto por el peticionario con el fin que sea evaluado y corroborado para el plan de salida dispuesto para la aceptación [del] privilegio de la J.L.B.P., ya que el tutor no [h]a recibido la visita [del] personal de esta oficina".[2] La aludida *Solicitud* fue entregada el 7 de diciembre de 2023 en la División de Remedios Administrativos del **DCR**.

El 12 de enero de 2024, se dictó la *Respuesta* impugnada acompañada de la *Respuesta del Área Concernida/Superintendente* que expuso: [e]l hogar propuesto ya fue sometido para investigación al Negociado de Comunidad Central. Es el supervisor del Negociado de Comunidad Central quien calendariza y asigna el caso para investigación a la región que le corresponda".

Así las cosas, el 24 de enero de 2024, el señor **SIERRA DE JESÚS** presentó una *Solicitud de Reconsideración* en la cual expresó que no está "conforme con la contestación emitida, no resuelve mi situación. Estoy solicitando que se realicen las llamadas o referidos correspondiente[s] para que se le dé conocimiento y seguimiento a la investigación [correspondiente] ya que en marzo 2023 se trató de realizar la evaluación [del] hogar viable y el Negociado de Comunidad Central no logró realizarla y desde entonces no le han dado seguimiento alguno. Recibir un referido y no completar el mismo no se [debería] dejarlo como concluido y sí se [debería] darle seguimiento. Por favor de comunicarse con los supervisores de la comunidad realicen su labor".[3]

El 2 de febrero de 2024, se dictaminó *Respuesta de Reconsideración al Miembro de la Población Correccional* en la cual se denegó la petición de

---

[2] Véase Apéndice del *Escrito en Cumplimiento de Resolución,* pág. 4.
[3] *Íd.*, pág. 9.

reconsideración y se confirmó la respuesta del área concernida.[4] Esta *Respuesta* enunció: "[c]on relación a su queja se desprende del área socio penal de la Institución Guerrero Aguadilla, [q]ue su técnico socio penal, realizó las gestiones con enviarle a la Junta documentación que tuviera interés en su caso, además, me brind[ó] el número de las oficinas de la Junta Libertad Bajo Palabra y est[a] que suscribe dialog[ó] con la Sra. Lissette Lamud[,] oficial examinador, indicándome que el Programa de Comunidad de Carolina, entregó los informes correspondientes, y que la reconsideración se le fue enviada para una próxima vista. Tiene que esperar que vea su vista. Cabe señalar que cuando ya usted es jurisdicción de la Junta Libertad Bajo Palabra, es la Junta que determinará su caso". La mencionada *Respuesta* fue entregada el 5 de febrero de 2024.

Inconforme, el señor **SIERRA DE JESÚS** acudió ante este foro intermedio revisor y esgrimió el(los) siguiente(s) señalamiento(s) de error:

> La División de Remedios Administrativos no atendió la solicitud [del] recurrente [correctamente] ya que no expresó el [haber] comunicado con la Oficina de la Comunidad [del] Pueblo de Carolina del D.C.R. para que se hiciera la investigación correspondiente.

> El 6 de febrero de 2024, recurrente se entrevistó con su técnico socio penal Sr. Eddie Castro, el cual estuvo evaluando la contestación de la Reconsideración por la J.L.B.P., este le manifestó que más [allá] de indicar que el hogar dispuesto NO ES VIABLE, no indican más nada que pueda ayudar a verificar el por qué no lo están aceptando.

> Hasta la fecha no ha habido comunicación de la Oficina de la Comunidad del Pueblo [del] D.C.R. para la visita y entrevista con el receptor familiar de apoyo [del] recurrente.

> La Oficina de la Comunidad no [ha] querido citar al Sr. Héctor M. Sierra García a sus oficinas a pesar de las solicitudes [del] mismo por llamadas telefónicas.

El 13 de marzo de 2024, pronunciamos *Resolución* concediendo un plazo de veinte (20) días para presentar y/o suministrar copia fiel y exacta de ciertos documentos para determinar nuestra jurisdicción dirigida al señor **SIERRA DE JESÚS**. El 8 de abril de 2024, se intimó *Resolución* concediéndole treinta (30) días al **DCR**, por conducto de la Oficina del Procurador General de Puerto Rico, para exponer su posición sobre el recurso incoado. Posteriormente, el 3 de junio de

---

[4] Véase Apéndice del *Escrito en Cumplimiento de Resolución*, págs. 11- 12.

2024, el **DCR**, por conducto de la Oficina del Procurador General de Puerto Rico, presentó su *Escrito en Cumplimiento de Resolución.* En síntesis, especificó que debemos confirmar la *Respuesta.*

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

A. *Revisión Administrativa*

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) provee un cuerpo de reglas mínimas para gobernar los procesos de adjudicación y reglamentación en la administración pública.[5] Su sección 4.1 instituye la *revisión judicial* de las determinaciones finales de las agencias por este Tribunal de Apelaciones.[6]

La *revisión judicial* tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley.[7] El criterio rector al momento de pasar juicio sobre una decisión de un foro administrativo es la *razonabilidad* de la actuación de la agencia.[8] Nuestra evaluación de la decisión de una agencia se circunscribe, entonces, a determinar si esta actuó de forma arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción.[9]

Empero, las decisiones de los organismos administrativos especializados gozan de una presunción de legalidad y corrección, por lo que, sus conclusiones e interpretaciones merecen gran consideración y respeto.[10] Por ello, al ejecutar nuestra función revisora, este Tribunal está obligado a considerar la especialización y experiencia de la agencia, distinguiendo entre cuestiones de

---

[5] Conocida como la Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601-9713; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).

[6] 3 LPRA § 9671.

[7] *Torres v. Junta Ingenieros*, 161 DPR 696, 707 (2004).

[8] *Otero v. Toyota*, 163 DPR 716 (2005).

[9] *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).

[10] *Torres Rivera v. Policía de PR,* 196 DPR 606, 625- 626 (2016)*; García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008).

interpretación estatutaria —sobre las que los tribunales son especialistas— y cuestiones propias de la discreción o pericia administrativa.[11] Ello implica que los dictámenes de los entes administrativos merecen deferencia judicial.[12]

Ahora bien, tal norma no es absoluta. Nuestro más alto foro ha instaurado que no podemos dar deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.[13] Particularmente, concretó las normas básicas sobre el alcance de la *revisión judicial* al expresar:

> [L]os tribunales deben dar deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El alcance de la *revisión judicial* de las determinaciones administrativas se ciñe a determinar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en *evidencia sustancial* que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas.[14]

En cuanto a las determinaciones de hechos, estas serán sostenidas por los tribunales si están respaldadas por *evidencia sustancial* que surja del expediente administrativo considerado en su totalidad.[15] La *evidencia sustancial* es aquella relevante que una mente razonable puede aceptar como adecuada para sostener una conclusión.[16] Debido a la presunción de legalidad y corrección que cobija a las decisiones de las agencias administrativas, quien alegue ausencia de *evidencia sustancial* debe presentar prueba suficiente para derrotar dicha presunción.[17] Para

---

[11] *OCS v. Point Guard Ins.*, 205 DPR 1005, 1028 (2020).
[12] *DACo v. Toys "R" Us*, 191 DPR 760, 765 (2014).
[13] *Torres Rivera v. Policía de PR*, *supra*.
[14] Sección 4.5 de la LPAU, 3 LPRA § 9675; *OEG v. Martínez Giraud*, 210 DPR 79 (2022).
[15] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).
[16] *Otero v. Toyota*, *supra*, pág. 728.
[17] *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019).

ello "tiene que demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración".[18] De modo que no podrá basarse únicamente en simple alegaciones. A esto se le conoce como la norma de la *evidencia sustancial*, con la cual se persigue evitar sustituir el criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor.[19] Aun cuando exista más de una interpretación razonable de los hechos, el tribunal debe dar deferencia a la agencia, y no sustituir su criterio por el de esta.[20]

Por otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[21] Así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Es por ello que, ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial.[22]

En resumen, si la decisión recurrida es razonable y se sostiene en la *evidencia sustancial* que obra en el expediente administrativo, procede su confirmación.[23] Por el contrario, los tribunales revisores podemos intervenir con la decisión recurrida cuando no está basada en *evidencia sustancial*, o cuando la actuación es arbitraria, irrazonable o ilegal, o cuando afecta derechos fundamentales.[24] Del mismo modo, el Prof. Echevarría Vargas ha puntualizado que las decisiones de las agencias gubernamentales no deben ser "revocadas o modificadas salvo que conste una actuación arbitraria, ilegal o irrazonable".[25]

---

[18] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).
[19] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003).
[20] *Íd.*
[21] *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[22] *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011).
[23] *García Reyes v. Cruz Auto Corp., supra*, pág. 893.
[24] *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581 (2020); *JP, Plaza Santa Isabel v. Cordero Badillo, supra*.
[25] Echevarría Vargas, J. A., *Derecho Administrativo Puertorriqueño,* 5ta. ed. Rev., San Juan, Ed. Situm, 2023, pág. 340.

## B. *Reglamento 8583*

El 4 de mayo de 2015, se aprobó el *Reglamento 8583* conocido como el *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional (Reglamento).* El objetivo de dicho *Reglamento* es que todas las personas institucionalizadas tengan un ente administrativo, en primera instancia, en el cual puedan presentar una solicitud de remedio, con el objetivo de reducir las diferencias que pueda haber entre la población correccional y el personal.[26] Además, de poder evitar o reducir los pleitos ante los tribunales.[27]

Mediante el *Reglamento 8583* se creó la *División de Remedios Administrativo (División)* con el motivo de atender las quejas o agravios que tengan los penados en contra del organismo del **DCR** y su personal. La Regla VI del antes mencionado *Reglamento* dispone que la *División* tendrá jurisdicción para ventilar las quejas sobre cualquier incidente o reclamación que comprenda las disposiciones del *Reglamento*.[28] En lo que respecta a las responsabilidades de los reclusos los remedios solicitados deben ser claros, concisos, honestos y de buena fe.[29]

El recluido que tenga una queja presentará una solicitud de remedio ante la *División*. La reclamación será examinada por un evaluador. Si el internado no está conforme, este puede interpelar una reconsideración ante el coordinador dentro un término de veinte (20) días a partir la notificación de la *Respuesta*.[30] En el caso de que el coordinador deniegue de plano o no conteste la solicitud de reconsideración podrá acudir en *revisión judicial* ante el Tribunal de Apelaciones en un término de quince (15) días.[31]

### - III –

El recurso de *revisión judicial* ante nuestra consideración versa sobre la inconformidad del señor **SIERRA DE JESÚS** con las *Respuestas* emitidas por la

---

[26] *Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015,* pág. 1.
[27] *Id.*
[28] *Id.* en la pág. 13.
[29] *Id.* en la pág. 15.
[30] *Id.* en la pág. 30.
[31] *Id.* en la pág. 31.

División de Remedios Administrativos del **DCR.** Ello concerniente a la investigación del hogar viable propuesto y del señor Héctor Sierra García, como su encargado propuesto, por el Negociado de Comunidad Central de Carolina del **DCR** como parte del procedimiento para obtener el privilegio de libertad bajo la palabra.[32] En el recurso de *revisión judicial,* señaló que se cometieron cuatro (4) errores que, en esencia, giran en torno a la alegada inacción por parte de la **DCR**.

Por otro lado, el **DCR** adujo que el señor **SIERRA DE JESÚS** no logró rebatir la presunción de legalidad y corrección de la *Resolución* recurrida, así como se le debe brindar deferencia a dicha determinación administrativa. Por estar íntimamente relacionados, discutiremos los señalamientos de error en conjunto.

Conceptuamos que la *Respuesta* está sustentada con toda la *evidencia sustancial* que surge del expediente administrativo y acompañada de una presunción de corrección. Más aún, no existen fundamentos o motivos que justifiquen nuestra intervención con la discreción administrativa del **DCR.** Las alegaciones del señor **SIERRA DE JESÚS** carecen de fundamento para derrotar la presunción de validez de la *Respuesta*. Ante el hecho de que en conformidad con la *Respuesta* recurrida se remitieron los informes requeridos a la Junta Libertad Bajo Palabra (JLBP) y en agosto de 2024, el señor **SIERRA DE JESÚS** tiene audiencia ante la JLBP.[33] Por ende, no nos ha colocado en posición de alterar la decisión administrativa. En consecuencia, no procede que sustituyamos el criterio administrativo por la nuestra. Tampoco se ha demostrado que la agencia administrativa haya actuado de manera arbitraria o ilegal, o en forma tan irrazonable que haya abusado de su discreción. Hallamos que debemos abstenernos de intervenir con la *Respuesta.* Por ello, discernimos que el **DCR** no cometió error alguno.

---

[32] El 22 de abril de 2022, la Junta de Libertad Bajo Palabra (JLBP) asumió jurisdicción. El día 8 de mayo de 2023, se celebró audiencia ante la JLBP. Por ende, el 27 de octubre de 2023, la JLBP emitió *Resolución* en la cual determinó que el señor **SIERRA DE JESÚS** no cualificó para beneficiarse del privilegio de libertad bajo palabra; se pautó audiencia para el mes de agosto de 2024; y se le requirió a **DCR** presentar informe de ajuste y progreso con el plan de salida debidamente corroborado.

[33] Tomamos conocimiento judicial del caso *Sierra De Jesús v. Estado Libre Asociado de Puerto Rico, Junta de Libertad Bajo Palabra* cuyo alfanumérico es: KLRA202400114.

**- IV -**

Por los fundamentos antes expuestos, ***confirmamos*** la *Respuesta al Miembro de la Población Correccional* expedida el 12 de enero de 2024 por la División de Remedios Administrativos del **Departamento de Corrección y Rehabilitación (DCR)**.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a) J**ONATHAN SIERRA DE JESÚS **quien se encuentra bajo la custodia del Departamento de Corrección y Rehabilitación: Institución Guerrero 304 PO Box Modulo 8 B2 #44 Aguadilla, PR 00605 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones